## 342

**UNITED STATES of America**

v.

**William J. FEDACK.**

Civ. A. No. 9089.

United States District Court
N. D. Georgia,
Atlanta Division.

June 24, 1965.

---

Charles L. Goodson, U. S. Atty., Julius M. Hulsey, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Albert A. Roberts, East Point, Ga., for defendant.

SLOAN, District Judge.

In the complaint in the above captioned action plaintiff alleges:

That defendant, William J. Fedack, resides at Jonesboro, Clayton County, Georgia, within the jurisdiction of this Court and that he is indebted to plaintiff in the sum of $500.00, plus interest, by reason of the facts set forth in the Certificate of Indebtedness of the General Accounting Office dated August 6, 1963, a copy of which is attached as an exhibit to the complaint; that repayment of said sum has been demanded of defendant but that he "fails to restore the said sum and is therefore justly indebted to plaintiff in the sum of $500.00 principal, $236.35 interest as of June 20, 1963, plus interest at 2½% per annum on $500.00, from June 20, 1963, until paid." Plaintiff demands judgment against defendant for said sums plus interest at 2½% per annum from June 20, 1963.

In his verified plea and answer defendant admits that he is a resident of the Northern District of Georgia, within the Atlanta Division of this Court but denies that he is indebted to plaintiff but admits "that he borrowed $125.00 on November 2, 1942, $125.00 on December 1, 1942, $125.00 on January 1, 1943 and $125.00 on February 1, 1943, to complete his course in medicine at Hahnemann Medical College, Philadelphia, Pennsylvania and Shadyside Hospital, Pittsburg, Pennsylvania." Defendant alleges that at the time he made the said loans he could have completed his professional training within two years and that he completed such training at Shadyside Hospital on December 31, 1943, but that prior to finishing his training on that date and by orders dated December 11, 1943, he was ordered "to report for a physical examination for induction into the United States Navy," a copy of such alleged orders is attached to the plea and answer as an exhibit.

Defendant further alleges that he duly reported for his physical examination on December 15, 1943, pursuant to such orders and that by further orders of December 15, 1943, a copy of which is attached to the plea and answer, defendant "was accepted into the United States Naval Service and ordered to active duty" and pursuant to such orders defendant reported to active duty in the navy where he remained until honorably discharged on August 24, 1946.

Defendant alleges that he is not indebted to plaintiff by reason of the fol-

lowing provision of Public Law 647—77th Congress:

" * * * Provided, That indebtedness of students who, before completing their courses, are ordered into military service during the present wars under the Selective Training and Service Act of 1940, as amended, or who suffer total and permanent disability or death, shall be canceled. * * *"

Defendant admits that plaintiff has made demand upon him for payment of the funds alleged in the complaint but contends "he is not indebted to plaintiff by virtue of the facts heretofore set out" and prays that "plaintiff's prayers be denied and that he be discharged."

Plaintiff has filed a motion for summary judgment in its favor on the ground that there is no genuine issue of material fact to be decided and that the plaintiff is entitled to judgment as a matter of law. Plaintiff files a brief with its motion and certain exhibits numbered 1 through 11.

Defendant has filed a brief and affidavit in opposition to plaintiff's motion for summary judgment and moves for a summary judgment in his favor and such motions are therefore now properly before the Court for determination under Local Rule 8.

From the exhibits attached to the motion, admissions in the pleadings and the affidavit of defendant in opposition to the motion for summary judgment, the following facts appear to be undisputed.

On October 2, 1942, defendant, William J. Fedack, made and executed an application to the Federal Security Agency, U. S. Department of Education, College and University Accelerated Program, for a student war loan in the amount of $500.00 to cover tuition and fees of defendant who was at that time "enrolled as a student in the accelerated program of Hahnemann Medical College." This loan was approved on October 12, 1942. In the application defendant stated: "Up to the present time my education was financed by the family. I have applied for a commission in the Navy." Defend-

ant admits that he received the amount of the loan, as follows:

| | |
|---|---|
| November 1, 1942 | $125.00 |
| December 1, 1942 | 125.00 |
| January 1, 1943 | 125.00 |
| February 1, 1943 | 125.00 |

Defendant graduated from Hahnemann Medical College on March 25, 1943, and was immediately employed as an intern at Shadyside Hospital, Pittsburg, Pennsylvania, and finished his professional training there on December 31, 1943.

By Orders dated December 11, 1943, defendant was ordered to report for a physical examination for induction into the United States Navy. These orders were directed to:

"Lieutenant (jg) William John FEDACK M6–V(6) USNR Shadyside Hospital Pittsburg, Pennsylvania."

Paragraph 1 of the orders, reads as follows:

"Having accepted appointment in the U. S. Naval Reserve, you will proceed and report to such medical officer as may be designated in the first endorsement on the back hereof for physical examination * * *."

Defendant reported for the physical examination, was found physically qualified, and under such orders was ordered to report "on or before 10 January 1944 for active duty, * * *."

Defendant took the State Medical Examination on January 4, 5 and 6, 1944. He was licensed to practice medicine on February 24, 1944, which was subsequent to his entry upon his duties in the United States Navy.

Public Law 647, 77th Congress, approved July 2, 1942, 56 Stat. 576, provided for funds to be expended by the United States Office of Education for loans to students whose training could be completed within two years and who agreed in writing to engage for the duration of the wars in which the United States was engaged, in such employment or service as may be assigned by officers of the War Manpower Commission, and

for repayment of advances so made, with interest at the rate of 2½% per annum. This law also provided that:

" * * * indebtedness of students who, before completing their courses, are ordered into the military service during the present wars *under the Selective Training and Service Act of 1940, as amended* (emphasis supplied), or who suffer total and permanent disability or death, shall be canceled."

In Regulation 3.8(b), (Plaintiff's Exhibit 10) issued by the Commissioner of Education on August 10, 1942, and approved by the Administrator of the Federal Security Agency and Chairman of the War Manpower Commission on August 18, 1942, it is provided:

"Period of loans. Notes from borrowers shall provide that one-fourth of the principal, together with accrued interest, is due one year after discontinuance as a full-time student in an institution, one-fourth after two years, one-fourth after three years, and the remaining one-fourth after four years, with the option of repayment of all or any part of the loan. The time of service of a borrower in the armed forces of the United States during the present emergency within the terms of his agreement, shall be excluded in the computation of times of maturity hereinabove mentioned."

An application for deferment of repayment of the loan here involved, (Plaintiff's Exhibit 5), on an official form, was made on behalf of defendant by George W. Long, Jr., Institutional Representative of Hahnemann Medical College in which deferment of repayment was requested "as of January 10, 1944, for period of service in armed forces or for duration of present emergency, whichever is the lesser * * * ", and this application was approved by the Commissioner on April 27, 1944.

In an undated memorandum to Institutional Representatives of Participating Institutions in the Student War Loans Program from the Director of the Student War Loans Program (Plaintiff's Exhibit 2), the following language appears in paragraph 2(c) with reference to the preparation of Student War Loan Form 9:

"SWL Form 9 must be submitted in every case where a student enters the armed forces or suffers death or permanent disability except as indicated in 2(d) below. *It should be especially noted that students who entered any reserve program of the Army or Navy prior to their acceptance of a Student War Loan and are subsequently called to active duty are deemed to have entered the service voluntarily and are therefore entitled only to deferment of their obligations. In the same manner students who entered a reserve program after acceptance of a loan and who are called to active duty are entitled only to deferment. Likewise, students who volunteer for induction in order to enter Officers Candidate Schools or other programs are entitled only to deferment. Only students who are inducted (drafted) under the Selective Training and Service Act of 1940 before completing their courses or who suffer death or permanent disability at any time are under the law entitled to cancellation of their obligations * * *."*

It thus appears that only those students who were inducted into the armed forces under the Selective Training and Service Act of 1940, as amended, are entitled to cancellation of their obligations to the United States under the Student War Loans Program.

Since it is undisputed in the record that defendant was called into the Navy under a reserve program of the Navy as a lieutenant junior grade and was not inducted into the armed forces under the Selective Training and Service Act of 1940, as amended, he is not entitled to cancellation of the loan here involved.

Defendant's motion for summary judgment is denied.

Plaintiff's motion for summary judgment is granted. A proper judgment may be prepared and presented.